IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERMIN SOLIS ANIEL, et al., | |
| Plaintiffs, | No. C 10-01042 JSW |
| v. | **ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| AURORA LOAN SERVICES LLC, et al., | |
| Defendants. | |

Now before the Court for consideration is the request for a temporary restraining order filed by Plaintiffs, Fermin Solis Aniel and Erlinda Abibas Aniel ("Plaintiffs").[1] Having considered the parties' papers, relevant legal authority, the Court finds the matter suitable for disposition without oral argument and VACATES the hearing set for March 17, 2010. The Court HEREBY DENIES Plaintiffs' request.

**BACKGROUND**

On November 2, 2005, Plaintiff Fermin Aniel ("Aniel") executed a Promissory Note and Deed of Trust relating to property located at 833 Clearfield Drive, Millbrae, California, 94030 ("the Property"). The Property is rental property and is not Plaintiffs' primary residence. (Compl. ¶¶ 1, 77-78.) Aniel obtained the loan for the Property from Bayporte Enterprises, Inc. (Compl. ¶¶ 1, 7, 12-13, Exs. A, B.) The original servicer for the loan was Homecomings Financial, LLC, however it transferred its servicing rights to Aurora Loan Services, LLC

---

[1] Plaintiffs have not filed a formal application for a temporary restraining order. Rather, their request was included in their Complaint, which alleges that an auction of Plaintiffs' rental property is scheduled for March 18, 2010.

("Aurora") on or about April 1, 2008. (*Id.* ¶ 14, Ex. C.) In August 2008, Plaintiffs defaulted on the loan and attempted, but failed, to obtain a loan modification. (*See id.* ¶¶ 16-21.)

In February 2009, Plaintiffs filed a voluntary bankruptcy petition. (*Id.* ¶ 26.) Aurora, through its counsel defendant McCarthy and Holthus, LLP ("McCarthy & Holthus"), filed a motion for relief from the automatic stay. (*Id.* ¶¶ 28-31, Exs. P-S.) On January 15, 2010, the Bankruptcy Court issued continued the stay on the condition that Plaintiffs make certain payments to Aurora (the "Adequate Protection Order"). The Bankruptcy Court further ordered that if the Plaintiffs defaulted on those obligations, Aurora would be entitled to lodge a Declaration of Default and an Order Terminating the Automatic Stay. (*See id.* ¶¶ 34-36; *see also* Aurora's Request for Judicial Notice, Ex. 5.) Plaintiffs refused to make the payments to Aurora, because they believe it is not the true owner of the note. (Compl. ¶ 36.) On or about February 4, 2010, Aurora submitted a declaration of default to the Bankruptcy Court. (*Id.* ¶ 38.) At some point thereafter, Plaintiffs received a Notice of Trustee's Sale, which states that the Property will be auctioned on March 18, 2010 at 1:00 p.m. (*Id.* ¶ 43, Ex. Z.)

On March 11, 2010, Plaintiffs filed the Complaint in this action against Defendants Aurora, Mortgage Electronic Registration Systems, Inc. ("MERS"), Quality Loan Services Corp. ("Quality"), and McCarthy & Holthus. Plaintiffs assert the following claims for relief: (1) Violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, against Aurora, McCarthy & Holthus, and Quality; (2) Violations of California's Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 *et seq.* ("Rosenthal Act") against Aurora, McCarthy & Holthus, and Quality; (3) Fraud against all Defendants; (4) Wrongful Foreclosure against Aurora, McCarthy & Holthus, and Quality; (5) Request for Immediate Injunctive Relief against all Defendants; (6) Declaratory Relief against all Defendants; and (7) Quiet Title against all Defendants.

**ANALYSIS**

**A.  Applicable Legal Standard.**

In order to obtain a temporary restraining order, as with a preliminary injunction, Plaintiffs "must establish that [they are] likely to succeed on the merits, that [they are] likely to

suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 129 S. Ct. 365, 374 (2008) (citations omitted). The *Winter* court also noted that because injunctive relief is "an extraordinary remedy" it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)). Thus "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.' *Id*. at 376 (citing *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987)). "'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *Id.* at 376-77 (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

**B. Discussion.**

    **1. Plaintiffs Have Not Met Their Burden To Show A Likelihood of Success on the Merits.**

With respect to their wrongful foreclosure claim, Plaintiffs allege that Defendants Aurora and Quality do not hold the note and, therefore, are not entitled to enforce the note or institute foreclosure proceedings. (*See generally* Compl. ¶¶ 53, 57, 59-60, 66-71, 90.) Courts that have addressed this issue have held that California law does not require that the trustee be in possession of an original promissory note before it institutes a non-judicial foreclosure sale. *See, e.g., Hafiz v. Greenpoint Mortgage, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009); *Pantoja v. Countrywide Home Loan, Inc.*, 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009); *see also Cilluffo v. Washington Mutual*, 2010 WL 431896 at *3 (N.D. Cal. Feb. 2, 2010) (citing cases). The record in this case demonstrates that the promissory note for Plaintiffs' loan has been endorsed to Aurora, that Aurora has obtained the beneficial interest in the Deed of Trust, and that Quality is the Trustee. (*See* Compl. ¶¶ 18, 29, 33. Exs. E, N, S.) In light of these facts, the Court concludes that Plaintiffs have not met their burden to show a likelihood of success on the merits of the wrongful foreclosure claim.

3

In order to maintain a claim for quiet title, Plaintiffs must show that "they are the rightful owners of the property, *i.e.* that they have satisfied their obligations under the Deed of Trust." *See Kelley v. Mortgage Electronic Registration Systems, Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009); *Hafiz*, 652 F. Supp. 2d at 1049-50; *Gaitan v. Mortgage Electronic Registration Systems, Inc.*, 2009 WL 2344729 at *12 (C.D. Cal. Oct. 5, 2009). Plaintiffs admit that they have defaulted on the loan and have refused to comply with the Bankruptcy Court's Adequate Protection Order. Therefore, they have not met their burden to show a likelihood of success on the merits on the claim for quiet title.

### 2. Plaintiffs Have Not Met Their Burden to Show the Probability of Irreparable Harm.

Plaintiffs allege that, if the Court fails to grant injunctive relief, it "would cause the Plaintiffs to lose rental income from the property which would be used in Plaintiffs' Chapter 11 Bankruptcy reorganization plan, and prevent Plaintiffs the opportunity to adjudicate the issues raised" in the complaint and "would cause the Plaintiffs irreparable harm of public humiliation and loss of reputation in the community." (Compl. ¶¶ 78-79.)[2]

"[F]oreclosure under certain circumstances may constitute irreparable harm." *Mandrigues v. World Savings, Inc.*, 2009 WL 160213 at *3 (N.D. Cal. Jan. 20, 2009). For example, a court has found that a plaintiff made a showing of irreparable harm where the defendants intended to foreclose upon his primary residence, his father was severely ill and resided with him, and where foreclosure would eliminate his right to rescind the loan transaction. *See Nichols v. Deutsche Bank Nat. Trust Co.*, 2007 WL 4181111 at *2 (S.D. Cal. Nov. 7, 2007) (citing *Sundance Land Corp. v. Comty First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988)). In contrast, other courts have concluded that a plaintiff could not show irreparable harm where the "record suggests that [the plaintiff] sought a loan beyond her financial means and expectation of job loss," *Alcaraz v. Wachovia Mortgage FSB*, 2009 WL 30297 at *4 (E.D. Cal. Jan. 6, 2009), or where a plaintiff has not taken the opportunity to

---

[2] Plaintiffs also allege that their tenants would be forced to vacate the premises, although they offer no factual support for those allegations. (*Id.* ¶ 78.)

4

mitigate the risk of foreclosure by accepting remedies offered by the lender. *See Parker v. U.S. Dep't of Agriculture*, 879 F.2d 1362, 1367-68 (6th Cir. 1989).

In this case, the Property is not Plaintiffs' primary residence. Indeed, according to the record it is one of several rental properties that Plaintiffs own. (*See* Aurora's Request for Judicial Notice, Exs. 3, 4.) Thus, although the Property may be unique, Plaintiffs are not in jeopardy of being evicted from their home. Moreover, the Bankruptcy Court provided Plaintiffs with an opportunity to prevent foreclosure and to maintain the automatic stay. Plaintiffs, however, "refused" the relief offered because of their belief that Aurora is not the true owner of the note. (Compl. ¶ 36.) A temporary restraining order is not only an extraordinary remedy, it is an equitable one. Under the facts of this case, the Court concludes that Plaintiffs have not met their burden of demonstrating that they will suffer irreparable harm if the Trustee sale goes forward.

Accordingly, for the foregoing reasons, Plaintiff's request for a Temporary Restraining Order is DENIED.

**IT IS SO ORDERED.**

Dated: March 16, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

FERMIN SOLIS ANIEL et al,

    Plaintiff,

  v.

AURORA LOAN SERVICES LLC et al,

    Defendant.
    _____/

Case Number: CV10-01042 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 16, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Erlinda Abibas Aniel
75 Tobin Clark Drive
Hillsborough, CA 94010

Fermin Solis Aniel
75 Tobin Clark Drive
Hillsborough, CA 94010

Dated: March 16, 2010

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk