**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERMIN SOLIS ANIEL, et al., | No. C 10-01042 JSW |
| Plaintiffs, | **ORDER DENYING MCCARTHY & HOLTHUS, LLP'S MOTION TO DISMISS** |
| v. | |
| AURORA LOAN SERVICES LLC, et al., | **(Docket No. 165)** |
| Defendants. | |

This matter comes before the Court upon consideration of the motion to dismiss filed by McCarthy & Holthus, LLP ("McCarthy). The Court has considered the parties' papers, relevant legal authority, and the record in this case. For the reasons set forth in the remainder of this Order, the Court HEREBY DENIES McCarthy's motion.

## BACKGROUND

The Plaintiffs in this case are Fermin Aniel ("Mr. Aniel") and Erlinda Aniel ("Ms. Aniel") (collectively "the Aniels"). The Court previously set forth the facts in its Order granting motions to dismiss filed by McCarthy, Aurora Loan Services, LLC ("Aurora"), and Quality Loan Servicing Corp. ("Quality"), and it shall not repeat them here. (*See* Docket No. 86.) In that Order, the Court dismissed, with prejudice, a claim for wrongful foreclosure, which the Aniels asserted against Quality and Aurora but not McCarthy. (*See* Docket No. 1, Complaint.) On December 6, 2010, after the Aniels filed their First Amended Complaint, the Court dismissed the remaining claims against McCarthy and Aurora and entered judgment. (Docket No. 144.)

On December 19, 2013, the United States Court of Appeals issued an opinion in which it affirmed in part and reversed in part. Specifically, the Ninth Circuit reversed this Court's ruling dismissing the wrongful foreclosure claim with prejudice, and it remanded to this Court with instructions to grant the Aniels leave to amend that claim. (Docket No. 150.) On February 28, 2014, the Aniels filed their Second Amended Complaint and, for the first time, included McCarthy in the wrongful foreclosure claim. (Docket No. 156.) McCarthy now moves to dismiss.

**ANALYSIS**

**A.    Legal Standard.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

//

//

**B.  The Court Denies McCarthy's Motion.**

McCarthy moves to dismiss on the basis that the Aniels have exceeded the scope of the Ninth Circuit's remand order.  The Ninth Circuit directed this Court to permit the Aniels leave to amend the *claim* for wrongful disclosure.  Construed broadly, the Ninth Circuit's order does not expressly preclude the Aniels from naming McCarthy as a defendant in that claim.  To the extent the Aniels should have sought leave to amend to include McCarthy, the Court also denies McCarthy's motion, because the Court concludes that McCarthy has not shown that it would be prejudiced by the amendment or that amendment would be futile.

McCarthy argues that the Aniels fail to state a claim for wrongful foreclosure, because they fail to allege facts from which the Court could infer that McCarthy caused the wrongful foreclosure of the property.  *See Lona v. Citbank, N.A.*, 202 Cal. App. 4th 89, 104 (2011).  The Aniels' claim for wrongful foreclosure is premised on the theory that "Defendants colluded with each other to defraud plaintiff of their [*sic*] ownership of the property without any authority to do so by forging and fabricating perjured documents such as perjured notarizations, assignment of deed, substitution of trustee, notice of default, notice of trustee sale, trustee's deed upon sale, and Grant Deed."  (Second Amended Complaint ("SAC") ¶ 1; *see generally* SAC ¶¶ 16, 18, 28-38.)  Although the Aniels allege Aurora and Quality instituted the non-judicial foreclosure proceedings, they also allege that McCarthy "instructed Quality to fabricate a substitution of trustee," and that it "advised Aurora to fabricate an assignment of deed in order to proceed with the foreclosure[.]" (*Id.* ¶¶ 60, 81.)

Examining the SAC in its entirety, it appears that the Aniels contend that McCarthy either conspired with Aurora and Quality to wrongfully foreclose on the Aniels' property, or aided and abetted those Defendants in the wrongful foreclosure.  *See, e.g.*, *American Master Lease LLC v. Idanta Partners Ltd.*, – Cal. Rptr. 3d –, 2014 WL 1761583, at *11-*12 (Cal. App. May 5, 2014) (discussing principles of aiding and abetting and conspiracy as a basis for holding defendants liable for torts of others).  McCarthy has not argued that the facts alleged would be insufficient to state a claim on either theory of liability.

Accordingly, the Court DENIES the motion to dismiss.

**CONCLUSION**

For the foregoing reasons, the Court DENIES McCarthy's motion to dismiss.

**IT IS SO ORDERED.**

Dated: May 28, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE